IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**NORMAN RILEY**                                                                          **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 5:18-cv-130-DCB-MTP**

**ACTING COMMISSIONER OF SOCIAL SECURITY,**
*Nancy A. Berryhill*                                                            **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff Norman Riley brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security denying his application for continuation of disability insurance benefits. Having reviewed the parties' submissions, the record, and the applicable law, the undersigned recommends that the Commissioner's decision be affirmed and that this action be dismissed with prejudice.

## PROCEDURAL HISTORY

Plaintiff was found disabled starting on May 18, 2000 due to fibromyalgia, depression, anxiety, low back pain, edema in the lower extremity, injury to the right ankle, degenerative joint disease, hypertension, and severe memory loss. Admin. R. [13] at 93, 94. Plaintiff's disability status was reviewed several years later, and it was determined that he was no longer disabled as of November 14, 2014. *Id*. at 112.[1] The determination that Plaintiff was no longer disabled was affirmed upon reconsideration. *Id*. at 93-94. Plaintiff requested a hearing before an ALJ, and a hearing was held on August 29, 2017. *Id*. at 32, 136. The ALJ found that Plaintiff's disability ended on November 14, 2014. *Id*. at 26. Plaintiff requested review of the ALJ's decision, but

---

[1] An anonymous source informed the Social Security Agency that Plaintiff would bush hog, dig holes, and cut grass daily for his neighbors. The source also alleged that Plaintiff would ride all-terrain vehicles, built a pier, and was seen pouring concrete. Admin. R. [13] at 472. An investigation was then conducted, and the findings were compiled in a summary prepared by the Cooperative Disability Investigation Unit. *Id*. at 471.

the Appeals Council denied review thereby rendering the ALJ's opinion the final decision of the Commissioner. *Id*. at 5, 139. This appeal followed.

## ADMINISTRATIVE LAW JUDGE'S DECISION

The Commissioner may terminate disability benefits if substantial evidence demonstrates (1) that the plaintiff's medical impairments have improved, and (2) the individual is now able to engage in substantial gainful activity. *Griego v. Sullivan*, 940 F.2d 942, 943-44 (5th Cir. 1991); *see also* 42 U.S.C. § 423(f)(1).[2] The burden of proof lies with the Commissioner in termination proceedings. *Griego*, 940 F.2d at 944.

In his opinion, the ALJ applied the eight-step analysis found in 20 C.F.R. § 404.1594(f)[3] and found that Plaintiff was no longer under a disability. At step one, the ALJ noted that Plaintiff was first found disabled by a favorable opinion dated March 13, 2001[4] and found that Plaintiff had not engaged in substantial gainful activity through the date of the ALJ's opinion. Admin. R. [13] at 17.

At step two, the ALJ noted that as of 2014 Plaintiff suffered from the following impairments: lumbar and cervical degenerative disc disease, right knee degenerative joint

---

[2] Other tests are also implemented to terminate disability benefits but are not relevant to this appeal. *See* 42 U.S.C. § 423(f).

[3] This analysis requires the ALJ to make the following determinations:
(1) whether an individual is engaging in substantial gainful activity;
(2) whether an individual has an impairment or combination of impairments that satisfies a Listing in 20 C.F.R. Part 404, Subpart P, Appendix 1;
(3) whether an individual has medical improvement as shown by a decrease in medical severity;
(4) whether the medical improvement relates to the individual's ability to do work;
(5) whether an exception to medical improvement applies;
(6) whether all the individual's current impairments in combination are severe, if it has already been shown that the medical improvements are related to the individual's ability to do work;
(7) whether, based on the individual's residual functional capacity, the individual has the ability to perform past relevant work; and
(8) whether the individual can do other work, besides their past relevant work.

[4] This is known as the "comparison point decision" or CPD.

disease, left shoulder degenerative joint disease, obesity, mild coronary artery disease, diabetes mellitus, chronic obstructive pulmonary disease, bipolar disorder, anxiety, obstructive sleep apnea, and borderline intellectual functioning. *Id*. at 17. The ALJ found that since November 14, 2014, this combination of impairments did not meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 17.

At step three, the ALJ determined that Plaintiff had experienced medical improvements finding that Plaintiff's mental problems were controlled by medication, and he was able to perform extensive activities of daily living, which required more concentration and physical functioning than Plaintiff alleged he was capable of performing. *Id*. at 19. The ALJ found that Plaintiff's impairments had improved, and he was capable of performing light work. *Id*. This work could include occasional bending, stooping, kneeling, crouching, crawling, and overhead reaching. *Id*. The ALJ, however, limited Plaintiff to only simple, routine tasks and only occasional contact with the public, among other limitations, including the possible need to use a cane for walking more than 50 yards over uneven terrain. *Id*. at 19-20.

At step four, the ALJ found that Plaintiff's medical improvement related to his ability to work because it increased his residual functional capacity ("RFC"). *Id*. at 20. The ALJ did not address step five because he found at steps three and four that Plaintiff had improved medically, and these improvements impacted Plaintiff's ability to do work. *See* 20 U.S.C. § 404.1594(f)(5).

At step six, the ALJ found that Plaintiff continued to have severe impairments. *Id*. at 20. The medically determinable impairments listed at step two were found to limit Plaintiff's ability to perform basic work activities. *Id*.

At step seven, the ALJ found that Plaintiff did not have any past relevant work. *Id*. at 24. At step eight, the ALJ found that Plaintiff was able to work as a cleaner, garment folder, or silver

3

ware wrapper and these jobs existed in significant numbers within the national economy. *Id.* at 25. Based on these findings, the ALJ concluded that Plaintiff's disability ended on November 14, 2014, and he had not been disabled since that date. *Id*. at 26.

## STANDARD OF REVIEW

This Court will only review the Commissioner's denial of benefits to determine whether "(1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Commissioner's decision must be affirmed when there is substantial evidence to support the findings. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (internal quotations omitted). Conflicts in evidence are the purview of the Commissioner and are not for the Court to resolve or review de novo. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). "Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (internal quotations and citation omitted).

## ANALYSIS

Plaintiff raises three issues on appeal: (1) Was it erroneous to continue with the hearing after Plaintiff's representative admitted that he was unprepared? (2) Did the ALJ properly consider Plaintiff's obesity? (3) Does the new medical evidence submitted by Plaintiff warrant remand?

*Was it erroneous to continue with the hearing after Plaintiff's representative admitted that he was unprepared?*

A hearing was held in this matter on August 29, 2017 at which Plaintiff was represented by an attorney. Admin. R. [13] at 32. During the hearing, Plaintiff's attorney stated he did not know how to access all of the records and was unaware of the Cooperative Disability Investigations Unit ("CDIU") fraud report. *Id*. at 37. The ALJ took a recess and sent[5] the CDIU report to Plaintiff's attorney so he could briefly review it. *Id*. at 38. Plaintiff did not request a continuance and the hearing went forward.

Plaintiff now argues that the ALJ should have continued the hearing *sua sponte* when it became apparent that Plaintiff's attorney was not prepared. Plaintiff submits that his counsel's lack of diligence made the proceeding unfair, which requires this Court to remand his case for another hearing.

The Commissioner argues that the proceeding was fair and did not require a continuance because Plaintiff's attorney did have access to Plaintiff's medical records and received a copy of the CDIU report during the hearing. *Id*. at 37-38. The Commissioner also submits that Plaintiff cannot show any prejudice from the hearing going forward, particularly when Plaintiff did not request a continuance.

The United States Supreme Court "has never recognized a constitutional right to counsel in Social Security proceedings."[6] *Cornett v. Astrue*, 261 F. App'x 644, 651 (5th Cir. 2008) (rejecting ineffective assistance of counsel claim where plaintiff was denied benefits); *Russell v.*

---

[5] Plaintiff and his attorney appeared telephonically at the hearing. Admin. R. [13] at 32. The report was faxed to Plaintiff's attorney.

[6] Claimants do have a statutory right to have a representative present at a hearing. 42 U.S.C. § 406; 20 C.F.R. § 404.1705.

*Chater*, 62 F.3d 1421, at *2 (8th Cir. 1995) (holding ineffective assistance of counsel claim not cognizable in a Social Security appeal); *see also Cole v. Comm'r of Soc. Sec.*, 2010 WL 3782445, at *5 (N.D. Miss. Sep. 20, 2010) (rejecting ineffective assistance of counsel claim in social security appeal).

Plaintiff asserts that he was not afforded a fair hearing, however he has "not identified any aspect of these proceedings that was constitutionally deficient." *Cornett*, 261 F. App'x, at 651. Plaintiff was represented at the hearing by an attorney who had copies of his medical records. When it was discovered that Plaintiff's counsel did not have the CDIU report, the ALJ stopped the hearing and provided the report to the attorney. Plaintiff was allowed to testify and respond to the CDIU report, and his counsel had the opportunity to examine the vocational expert. Admin. R. [13] at 49, 57.

"Even were the Court to conclude that such a claim is cognizable here, the Court would not be able to find— on the record before it— that counsel's performance was ineffective." *Payne v. Astrue*, 2012 WL 1090054, at *7 (E.D. La. Feb. 27, 2012) (holding that ineffective assistance of counsel claim in social security appeal is not cognizable). Plaintiff has not demonstrated what, if anything, should have been done differently during the hearing and how this would have resulted in a favorable outcome for him. This issue is without merit.

### *Did the ALJ properly consider Plaintiff's obesity?*

Plaintiff argues that his obesity was not properly considered. The ALJ wrote that Plaintiff was 6'3'' tall and weighed 285 pounds, which gave him a body mass index ("BMI") of 50. Admin. R. [13] at 22. The parties agree, however, that the record the ALJ was referencing actually lists Plaintiff as 6' and 385 pounds. *Id*. at 486.

The Commissioner submits that this is a scrivener's error because the ALJ correctly calculated the appropriate BMI in his opinion. A 6'3'' tall individual weighing 285 pounds would have a BMI of 35.6.[7] A 6' tall individual weighing 385 pounds would have a BMI of 52.2.[8]

The incorrect listing of Plaintiff's height and weight in the ALJ's opinion is plainly a typographical error. Additionally, Plaintiff has not shown how remanding this case to require the ALJ to appropriately list his height and weight would change the outcome of the ALJ's decision. "Where the ALJ's intent is apparent, an error or contradiction in a decision may be excused as simply a scrivener's error." *Gatewood v. Berryhill*, 2017 WL 1737904, at *3 (N.D. Tex. Mar. 14, 2017) (citing *Dukes v. Colvin*, 2015 WL 1442988, at *4 (N.D. Tex. Mar. 31, 2015)). If the error has no impact on the analysis or the outcome of the ALJ's opinion, courts consider it to be a scrivener's error. *Id*. (citing *Willis v. Colvin*, 2016 WL 792693, at *6-7 (E.D. Tex. Mar. 1, 2016)).

The ALJ noted in his opinion that Plaintiff had a BMI of 50, which is what Plaintiff's own medical records reflected. *Id*. at 22. This caused the ALJ to conclude that Plaintiff's excessive weight had a detrimental effect on his ability to work, but he was still capable of performing light work as described in the RFC analysis. *Id*. The ALJ's analysis, therefore, appropriately considered Plaintiff's obesity, and the ALJ's inaccurate listing of Plaintiff's height at weight was a harmless scrivener's error. This issue is also without merit.

---

[7] *See* Adult BMI Calculator (last visited December 16, 2019), https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html

[8] *Id*.

7

*Does the new medical evidence submitted by Plaintiff warrant remand?*

Plaintiff argues that medical evidence obtained after the ALJ's decision demonstrates that his obesity prevents him from maintaining gainful employment. Plaintiff submitted the following medical records along with his memorandum brief:

1. A letter and medical exam dated March 25, 2019 from Family Nurse Practitioner Donald W. McDaniel stating that Plaintiff suffers from morbid obesity. In Nurse McDaniel's opinion, Plaintiff "is not capable of any productive work." Mem. [15], Ex. A.

2. A functional capacity form dated March 21, 2019 completed by Physical Therapist Andrew Biggs, also concluding that Plaintiff was not capable of performing productive work. Mem. [15], Ex. B.

"This court may not issue factual findings on new medical evidence and may review such evidence only to determine if a remand to the Commissioner is appropriate." *Dillon v. Colvin*, 2016 WL 11220479, at *7 (E.D. La. Nov. 9, 2016) (citing *Ferrari v. Astrue*, 435 F. App'x 314, 314-15 (5th Cir. 2010)). "In order to justify a remand, the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding. In addition, the new evidence must also pertain to the contested time period…." *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir. 1995) (internal quotations and citation omitted). "For new evidence to be material, there must exist the reasonable possibility that it would have changed the outcome of the… determination." *Hunter v. Astrue*, 283 F. App'x 261, 262 (5th Cir. 2008) (internal quotations and footnote omitted).

The new evidence submitted by Plaintiff does not relate to the contested time period and, therefore, is not relevant. The medical evaluation and functional capacity form are dated fifteen months after the ALJ issued his opinion. They only evaluate Plaintiff's physical state on the days he appeared for a medical and functional capacity evaluation. The new records do not elaborate on Plaintiff's health at the time the ALJ was reviewing Plaintiff's impairments— a year

and a half earlier. *See Chandler v. U.S. Comm'r Soc. Sec. Admin.*, 2019 WL 4803689, at *20 (W.D. La. Sept. 13, 2019) (new evidence that did not relate to the time period on or before the ALJ's hearing decision did not warrant remand); *see also Martinez v. Astrue*, 252 F. App'x 585, 588 (5th Cir. 2007).

Additionally, Plaintiff has not explained how these new medical records would result in a different outcome. Plaintiff only argues that the new medical evidence shows that his weight is a significant factor in his inability to work. Mem. [15] at 6. The ALJ recognized in his opinion that Plaintiff's obesity was a severe impairment. Admin. R. [13] at 17. Despite his obesity, the ALJ found that Plaintiff could perform light work, with some restrictions. *Id*. at 20. Additional records demonstrating the limiting effects of Plaintiff's obesity do not establish a *reasonable possibility* that the disability determination would be different if these new records were considered. *Hunter*, 283 F. App'x at 262.[9] For these reasons, the undersigned does not recommend that this matter be remanded for the consideration of Plaintiff's new medical evidence.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Commissioner's Motion [16] to Affirm be GRANTED and that this action be DISMISSED with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The

---

[9] Although the new medical records contain assertions from medical professionals that Plaintiff cannot work, that ultimate issue is reversed for the Commissioner. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

9

district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 30th day of December, 2019.

s/ Michael T. Parker
United States Magistrate Judge